**NOT FOR PUBLICATION**

MAR 02 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO CRUZ, | No. 09-15149 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00289-ALA |
| v. | |
| MATTHEW CATE, Secretary[*]; et al., | MEMORANDUM [**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Arthur L. Alarcón, Circuit Judge, Presiding

Submitted February 16, 2010[***]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

---

[*]      Matthew Cate is substituted for his predecessor as Secretary of the California Department of Corrections and Rehabilitation, pursuant to Fed. R. App. P. 32(c)(2).

[**]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

Ricardo Cruz, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action because Cruz's failure to submit an inmate grievance within the fifteen-working-day deadline did not constitute proper exhaustion. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 95 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance"); *see also* Cal. Code Regs. tit. 15, § 3084.6(c) (providing that an inmate must submit an administrative appeal within fifteen working days of the event being grieved or the decision being appealed).

Cruz's remaining contentions are unpersuasive.

We construe Cruz's Petition for Rehearing as a supplemental brief.

**AFFIRMED.**